## BUCK THURMOND v. THE STATE.

### No. 2904.   Decided March 9, 1904.

**1—Local Option—Order of Commissioners Court.**

An order of the commissioners court, which fixed the election for local option on the 6th day of December, instead of the 17th day of said month, as required in the petition for local option, which the order recited was in all things approved, is not doubtful as to the date fixed for said election, and the date of the order controls.

**2.—Same—Qualified Voters.**

As the law requires that the qualified voters only can vote at a local option election, it is not necessary that the order of the commissioners court should say so in terms, it not appearing that others than qualified voters had voted.

**3.—Same—Variance.**

Where the order for a local option election submitted the question "whether or not" local option should be adopted instead, as the law directs, "whether" the same should be adopted, there was no variance from the law.

**4.—Same—Time of Publication.**

The local option law directs that after four successive weeks of the publication of the commissioners court order that local option has been adopted, the law takes effect, and it is no valid objection that the order was published for five successive weeks, or that the law was suspended until after four successive weeks of publication; but the law goes in operation after the court certifies to the fact of four successive weeks' publication.

**5.—Evidence—Conflict.**

Where the State's testimony showed that the appellant told prosecuting witness where to find whisky and that it would be all right to leave the money for it on the table, and that witness got the whisky and left fifteen cents on the table, the conviction will not be disturbed, although other testimony controverted this testimony.

Appeal from the County Court of Wilbarger.   Tried below before Hon. J. A. Nabers.

Appeal from a conviction of violating the local option law; penalty, $40 fine and twenty days confinement in jail.

The testimony in this case on defendant's part showed that appellant had previous to the adoption of local option conducted a saloon in the building where the whisky was alleged to have been sold; that he had given up his saloon business in Wilbarger County and was engaged in the saloon business in Oklahoma, but at times would return to Wilbarger and stay about the former saloon in Wilbarger, which he had rented out and in which a restaurant was then kept. That he had removed all his liquor to Oklahoma and sold no intoxicating drinks of any kind in Wilbarger County. That upon the insistence of a friend he had permitted him to procure elsewhere and treat a number of excursionists in the said restaurant to whisky and beer, but that he had no interest

in same, and that a little whisky was left over, probably a pint, which the appellant's acquaintances drank, and that he never sold any of it, or authorized anyone to help himself and leave the money for it.

The chief witness for the State, however, testified that upon his offering appellant some alcohol to drink, the latter refused to drink it and directed witness to go into a little room in the said restaurant and help himself to some whisky and leave the money for it on the table, which witness did; that upon entering' the room he found the jug and a glass, helped himself and left 15 cents on the table under the jug; that defendant told him that he could bring his friends and repeat this matter; but that when he did so, some one else inquired what they were doing there, and that the State's witness replied that he had defendant's permission. Thereupon the defendant denied that he had given any such permission and ordered witness and his friends out and used harsh language towards them. State's witness stated that he had not handed defendant any money and that defendant had not asked witness to do so, but just told him to leave it on the table, and that defendant never claimed the whisky as his own, but showed it to witness; witness did not see defendant take the money; that he did not know that defendant saw witness leave the money on the table, but that defendant took witness in the room and showed him the whisky.

*Cook & Cook, L. P. Bonner, F. P. McGhee,* and *J. A. Luchy,* for appellant.—The court erred in admitting in evidence, over defendant's objections, duly urged, the order of the Commissioners Court of Wilbarger County, Texas, dated November 14, 1902, and purporting to be an order of said court ordering an election by the qualified voters of said county to be held on the 6th day of December, 1902, for the purpose of determining whether the sale of intoxicating liquors shall be prohibited within said county, for the purpose of proving that a valid order by said court for such an election had been duly made and was sufficient to authorize a valid election thereunder, there being no other order for such an election offered in evidence when the order offered and admitted in evidence, showed upon its face, first, that it granted, in all things, a petition for an election to be held on the 17th day of December, 1902; second, that it granted a petition for an election to determine whether or not the sale of intoxicating liquors shall be prohibited in said county of Wilbarger, submitting both an affirmative and a negative proposition, which is not authorized by the Constitution; third, that the officers in said order appointed are therein directed to hold said election on the 6th day of December, 1902, instead of on the 17th day of December, 1902; fourth, that it was not an order for an election by the qualified voters of said county; fifth, that it did not order an election to be held on the 6th day of December, 1902; sixth, that it did not order an election by the qualified voters of said county to determine whether the sale of intoxicating liquors shall be prohibited in said

county; seventh, that it apparently grants an election to be held on the 17th, and appoints the officers to hold the same, directing them to hold it on the 6th day of December, 1902, and is therefore conflicting, uncertain and indefinite in its terms and void. Sayles' Civ. Stats., art. 3384; Constitution of Texas, art. 16, sec. 20.

The court ererd in admitting in evidence, over the objection of defendant, the record of the certificate of the county judge made in the commissioners court minutes, to the effect that the order of said court · declaring the results of said election and absolutely prohibiting the sale of intoxicating liquors in Wilbarger County, Texas, had been published for four successive weeks as required by law, when said certificate shows upon its face that said publication took place more than four weeks before said order of prohibition was to take effect, and that said publication was to take place and this certificate entered of record before said order became an absolute prohibition order, and it did not show any publication of said order after it became an order of absolute prohibition, and is not such a certificate as the county judge was authorized to make, there being no order sufficient to certify to the publication of. Sayles' Civ. Stats., art. 3391.

The Legislature by law having delegated to the commissioners court authority to make the order of absolute prohibition, an order made by said court for said purpose, which is not in substantial compliance with the statute, and substantially as directed to be made, is void. The order introduced in evidence does not purport to absolutely prohibit, but states "that after publication of this order for four successive weeks," etc., and "after the fact of said publication shall have been entered ou the minutes of this court by said county judge," etc., then it prohibits after said time has arrived. Sayles' Civ. Stats., art. 3390.

*Howard Martin,* Assistant Attorney-General, for the State, cited Ezzell v. State, 29 Texas Crim. App., 521; Dreschel v. Sate, 35 Texas Crim. Rep., 577; Chapman v. State, 39 S. W. Rep., 113; Zollicóffer v. State, 38 S. W. Rep., 775; Armstrong v. State, 47 S. W. Rep., 1006; Lovelace v. State, 49 S. W. Rep., 601; McDaniel v. State, 32 Texas Crim. Rep., 16.

HENDERSON, JUDGE.—Appellant was convicted of violating· the local option law, and his punishment assessed at confinement in the county jail for twenty days and a fine of $40; hence this appeal.

Appellant objected to the introduction of the order of the commissioners court ordering the election for Wilbarger County, on the ground, as he contends, that the order, in connection with the petition, rendered it doubtful what day was appointed for holding the election: the petition asking that the election be held on the 17th day of December, 1902, and the court in its order approves the petition; but then proceeds to order the election for the 6th of December, 1902. The contention is

that by approving the petition in all things, the commissioners court approved the date for holding the election as set out in the petition. If there was nothing else in the order of the commissioners court, then December 17th would evidently be the day selected; but here the court distinctly orders the election to be held on December 6th; and the mere fact ·that the petition for the ·election had been approved in all things, can not be held to render uncertain the day when the election was ordered. The court was not bound by the requested day, and the approval of the petition will not be held to approve the date suggested herein, when the court, as they had a right to do, fixed another day.

The order of the commissioners court is also objected to on the ground that it does not say in terms that the election was to be held by the qualified voters of Wilbarger County. The law requires that the qualified voters of the county only can vote at such election; and the submission of the issue would embrace only qualified voters. If others than those voted, and appellant had shown it, then there might be some cause of complaint on the ground that persons not qualified to vote cast their votes at said election.

It was also objected to the order that it submitted to the people to vote on "whether or not" local option should be adopted in Wilbarger County, whereas the language of the law, is that it should be submitted as to "whether" they should adopt local option. It occurs to us that this criticism is hypercritical. Indeed, "whether or not" emphasizes and makes clearer the issue in our opinion. Certainly it is no variance from the law that requires the submission to the voters as to "whether" they· shall adopt local option.

Appellant also objected to the order declaring the result on the ground that the same required the publication ·of· the order for four successive weeks in some newspaper published in Wilbarger County, to be selected by the county judge, and suspended the operation of the law until such publication had been made and certified to as the law directs. This we understand to be in response to the requirements of the law. There was no uncertain contingency as to when the law should go into operation, as that is made certain by the publication for four successive weeks. Whenever this event occurred, it is provided that the law go into operation. Nor· did the publication for five weeks violate the law; it went into operation at the expiration of the publication for the four successive weeks, regardless of any further publication. The certificate of publication and the proceedings of the court on its return appear to be regular, and not subject to the objections of appellant.

Appellant insists that the conviction is not supported by ·the evidence in the case. We have examined the⁄record carefully, and in our opinion the testimony is sufficient to support the verdict of the jury. The judgment is affirmed.

*Affirmed.*